# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08–04922-MMM (PLAx) | Date | June 9, 2009 |
|---|---|---|---|

| Title | RFX, Inc. v. Safyani et al. |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     **Order Re: Plaintiff's Application for Order to Show Cause Re: Contempt**

On October 30, 2008, the clerk entered default judgment in the amount of $113,168.79 against defendants Alina Safyani dba Trans-Ex and Edvin Yeroomian dba Trans-Ex. Thereafter, Magistrate Judge Paul L. Abrams entered orders directing defendants to appear at a judgment debtor exam on February 10, 2009. The orders were served on defendants. Defendants did not appear on February 10. Judge Abrams issued orders directing defendants to appear on March 10, 2009. The orders were once again served on defendants, but defendants failed to appear on March 10. On March 10, 2009, Magistrate Judge Jennifer T. Lum issued an order referring the case to this court for possible contempt proceedings against defendants. On May 20, 2009, plaintiff filed an application for an order to show cause why defendants should not be held in contempt.

Due process requires that a party charged with contempt be given notice and an opportunity to respond. See, e.g., *Little v. Kern County Superior Court*, 294 F.3d 1075, 1080-81 (9th Cir. 2002) ("[D]ue process requires that the contemnor be given reasonable notice of the specific charges and opportunity to be heard in his own behal.f. . . . [N]otice of the contempt charges and of the contempt hearing must be explicit in order to conform to the requirements of due process. The contemnor's due process rights of a reasonable opportunity to be heard are compromised both by a lack of notice of the specific charges against him, as well as by a lack of notice of the time of the contempt hearing. Notice on both issues is required for the contemnor reasonably to be able to respond effectively to the charges against him," quoting *Taylor v. Hayes*, 418 U.S. 488, 500 n. 9 (1974) (internal quotation marks and emphasis removed); *United States v. Lee*, 720 F.2d 1049, 1052 (9th Cir. 1983) ("If the alleged contempt was not committed in open court, where the judge would

have personal and direct knowledge of it, it may be punished only after the due process requirements of notice, a reasonable time to prepare a defense, and a hearing are afforded").

Therefore, the court sets plaintiff's application for hearing on **July 6, 2009 at 10:00 a.m.** Any opposition by defendants must be filed no later than **June 22, 2009**. Any reply by plaintiff must be filed no later than **June 29, 2009.** The court requests that the parties deliver a conformed courtesy copy of all pleadings to **chambers** in the **Roybal Building** by 12 noon on the day after filing.